UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRYSTAL PORZIO,

                                                      DECISION AND ORDER

                           Plaintiff,

                                                     19-CV-0128L

                 v.

ANDREW SAUL,
Commissioner of Social Security,

                           Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On November 13, 2015, plaintiff, then twenty-seven years old, filed applications for disability insurance benefits and supplemental security income, alleging an inability to work since January 1, 2012. (Administrative Transcript, Dkt. #7 at 14). Her applications were initially denied. Plaintiff requested a hearing, which was held January 23, 2018 before Administrative Law Judge ("ALJ") Mary Mattimore. The ALJ issued an unfavorable decision on March 8, 2018. (Dkt. #7 at 14-33). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 6, 2018. (Dkt. #7 at 1-3). Plaintiff now appeals.

       The plaintiff has moved for remand of the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings, pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period. These include treatment records for degenerative disc disease of the lumbar spine with sciatica, disc herniation, osteoarthritis, scoliosis, attention deficit hyperactivity disorder ("ADHD"), depression, anxiety and post-traumatic stress disorder ("PTSD"), which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #7 at 16).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except that she can no more than occasionally climb ladders, stairs, ropes or scaffolds, and can no more than occasionally stoop, kneel, crouch, crawl and push/pull bilaterally. Plaintiff cannot drive motor vehicles or other machinery. She is limited to simple, routine tasks involving only simple decisions, with no production rate (e.g., assembly line) pace. She can maintain attention and concentration for up to 2 hours at a time, can no more than occasionally interact with supervisors, coworkers or the public, and requires the freedom to shift between sitting and standing for up to 5% of the workday while on task. (Dkt. #7 at 18).

When vocational expert Jeanne Beachler was asked at plaintiff's hearing whether there were positions in the economy that a hypothetical individual with this RFC could perform, the vocational expert identified the representative sedentary unskilled positions of document preparer and sorter. (Dkt. #7 at 32.) The ALJ accordingly found that plaintiff, at the time of her alleged disability onset a 21-year-old woman with a high school education and past relevant work as a police officer, was not disabled. *Id.*

## I.   The ALJ's Analysis of the Medical Opinions of Record Concerning Non-Exertional Limitations

Plaintiff does not appear to challenge the ALJ's determinations concerning her exertional and postural limitations. Plaintiff argues, however, that the ALJ erred in her analysis of the medical opinions of record concerning plaintiff's mental limitations, and that her decision contains factual errors, relied on layperson interpretation of raw medical data, and was not supported by substantial evidence.

In examining the medical opinion evidence concerning plaintiff's mental limitations, the ALJ first examined the opinion of examining (and later, treating) psychiatrist Dr. Muhammad Rahman, who performed an assessment on plaintiff on November 14, 2016.[1] In a meandering discussion which shifted between summarizing the opinion of a different examining psychologist, Dr. Carol Descutner (Dkt. #7 at 669-75), with Dr. Rahman's opinion, the ALJ appears to have ultimately concluded that Dr. Rahman's opinion was entitled to "little weight." In discounting the opinion, the ALJ cited its apparent reliance on plaintiff's subjective reports, its lack of probative value (given the largely unremarkable examination findings), and its observation of "fidgety"

---

[1] The Court notes that Dr. Rahman's November 14, 2016 opinion documented his initial intake examination of plaintiff: at that point, his relationship with plaintiff was that of an examining physician. Plaintiff later began treating regularly with Dr. Rahman, but the record contains no subsequent opinions by Dr. Rahman after his role changed to that of treating physician.

3

symptoms, which the ALJ stated were anomalous as they were not noted in subsequent treatment records. (Dkt. #7 at 28).

Plaintiff alleges that the ALJ erred in her evaluation of Dr. Rahman's and Dr. Descutner's opinions, conflating them to such a large and baffling extent that it is impossible to even determine whether the ALJ's finding of "little weight" was ultimately meant to apply to Dr. Descutner's opinion, Dr. Rahman's, or both. (Dkt. #7 at 28).

The Court agrees with plaintiff that the ALJ's discussion of the two opinions is somewhat confusing. However, I find that the ALJ's error is harmless, given that neither of Dr. Rahman's or Dr. Descutner's opinions suggest any limitations beyond those included by the ALJ in her RFC determination, let alone support a finding of disability.

Dr. Rahman noted that plaintiff appeared "mildly restless[] and fidg[]ity" with an anxious mood and affect, but with coherent speech, goal-directed thought processes, cognitive alertness, and fair attention, concentration, memory, insight and judgment. (Dkt.#7 at 687-88). He neither identified not described any functional mental limitations.

Dr. Descutner evaluated plaintiff on December 18, 2016, summarized her self-reported mental health history and symptoms, and observed that plaintiff was "anxious with initial delay in responding to questions, but this improved" during the examination. (Dkt. #7 at 674). Dr. Descutner concluded that plaintiff met the DSM-5 criteria for depressive disorder and anxiety disorder, with features of generalized anxiety and PTSD, and functional difficulties consisting of "occupational and social impairment with reduced reliability and productivity." (Dkt. #7 at 675). Dr. Descutner did not specify the extent or frequency of any such limitations, or provide any explanation of how reduced reliability or productivity were related to plaintiff's observed anxiousness. Nonetheless, the ALJ included, in her RFC finding, limitations sufficient to account

for both "social impairment" and "reduced reliability and productivity" mentioned by Dr. Descutner: her RFC determination specified no more than occasional social interaction, and simple, routine work with no production quotas.

Because Dr. Rahman's and Dr. Descutner's opinions did not specify limitations that exceeded or contradicted the ALJ's RFC finding, the ALJ's failure to clearly and thoroughly discuss and weigh them was harmless error. *See Mitscher v. Berryhill*, 2019 U.S. Dist. LEXIS 68515 at *12 (W.D.N.Y. 2019)(ALJ's failure to properly weigh opinions is harmless where the ALJ's decision does not conflict with them); *Swain v. Colvin*, 2017 U.S. Dist.. 88296 at *7-*8 (W.D.N.Y. 2017)(same). *Accord Hockbrueckner v. Astrue*, 2013 U.S. Dist. LEXIS 16494 at *8 (E.D.Pa. 2013) (an ALJ's failure to properly consider or weigh a physician's opinion may be harmless where the opinion "is so patently deficient that the Commissioner could not possibly credit it") (quoting *Wilson v. Commission*, 378 F.3d 541, 547 (6th Cir. 2004)).

Plaintiff also argues that because the ALJ declined to grant more than "some" or "little" weight to any of the medical opinions of record concerning plaintiff's mental limitations, the ALJ created a gap in the record, and thus made her RFC finding based solely on her lay opinion of the raw medical findings.

The Court disagrees. While the record lacks compelling evidence supporting plaintiff's claim of disability, that doesn't mean it lacks sufficient evidence for the ALJ to have rendered an opinion. The ALJ had before her all of plaintiff's testimony, treatment records, objective medical test results, and opinions from multiple physicians. Those opinions included that of consulting psychologist Dr. Susan Santarpia, whose January 12, 2016 opinion represented the only detailed analysis of plaintiff's mental functioning of record. Dr. Santarpia summarized plaintiff's psychiatric history and performed a mental status examination. She found plaintiff cooperative,

with an appropriate manner of relating, good hygiene and grooming, fluent speech, coherent and goal-directed through processes, appropriate affect, intact attention and concentration, intact recent and remote memory skills, average cognitive functioning, fair insight, and fair judgment. She found that plaintiff had no psychological or mental limitations. (Dkt. #7 at 304-08).

The ALJ gave "some" weight to Dr. Santarpia's opinion, but concluded that the record supported *greater* (that is, moderate) limitations in social interaction, attention and concentration, and adapting and managing, rather than the "no limitations" that Dr. Santarpia opined. In so finding, the ALJ cited to the plaintiff's self-reported activities (e.g., attending college full-time, socializing with friends and family, engaging in all self-care tasks independently), treatment records noting objective observations of plaintiff's anxiousness or tension, plaintiff's testimony concerning symptoms of anxiety and the desire to avoid large groups of people, and plaintiff's brief and inconsistent attempts to seek mental health treatment. (Dkt. #7 at 17-18, 25-26).

In short, notwithstanding the volume and completeness of the plaintiff's medical records and physician opinions (which together spanned over 800 pages covering a 6-year period), there was no medical opinion or assessment that credibly indicated specific, mental limitations beyond those included by the ALJ in her RFC finding. The RFC determined by the ALJ, which limited plaintiff to simple, low-stress work with occasional social interaction, was a practical and appropriate response to plaintiff's treatment records establishing a history of depression, anxiety, ADHD and PTSD with mild symptoms, as well as plaintiff's self-reported activities of daily living. (Dkt. #7 at 28).

In short, while "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision," she was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*,

508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983).

In summary, I find that the ALJ's failure to provide a clear explanation for her weighing of Dr. Rahman's and Dr. Descutner's opinions was harmless error, that the record was sufficiently complete, and that the ALJ's decision is supported by substantial evidence, and is not the product of reversible legal or factual error.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #12) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 24, 2020.